**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pipeline Foods, LLC,<br><br>  Debtor.[1] | Chapter 11<br><br>Case No. 21-11002 (KBO) |
| Nauni Manty, as Liquidating Trustee<br>for Pipeline Foods Liquidating Trust,<br><br>  Plaintiff,<br><br>v.<br><br>Oakdale Trading Company, Inc.,<br><br>  Defendant. | Adv. Proc. No. 23-50383 (KBO) |

**SCHEDULING ORDER**

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "Adversary Proceeding"), the following schedule (the "Scheduling Order") shall apply to the Adversary Proceeding.

**IT IS HEREBY ORDERED** that:

1.    The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall be deemed to have taken place; provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

---

[1] The last four digits of the Debtor's federal tax identification number are 5070, and the Debtor's mailing address is c/o Nauni Manty as the Liquidating Trustee, 150 South Fifth Street, Suite 3125, Minneapolis, MN 55402. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of April 12, 2022: Pipeline Holdings, LLC (5754); Pipeline Foods Real Estate Holding Company, LLC (7057); Pipeline Foods, ULC (3762); Pipeline Foods Southern Cone S.R.L. (5978); and Pipeline Foods II, LLC (9653) (collectively, with Pipeline Foods, LLC, the "Debtors"). *See* Chapter 11 Case No. 21-11002, Docket No. 995.

2.	The Adversary Proceeding is assigned to mediation pursuant to Local Rule 9019-5.

3.	No later than forty-five (45) days after this Scheduling Order is entered, the parties shall file a Stipulation Regarding Appointment of a Mediator setting forth the mediator selected by the parties.  If the parties cannot agree on a mediator, the Plaintiff shall file a statement alerting the Court that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

4.	Within sixty (60) days after the entry of an order assigning the Adversary Proceeding to mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

5.	All formal discovery between the parties, including, but not limited to the service of initial disclosures under Fed. R. Civ. P. 26(a)(1), shall be tolled until after the filing of the mediator's Certificate of Completion pursuant to Local Rule 9019-5(f)(ii).

6.	The parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than thirty (30) days after the filing of the Certificate of Completion.  Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by order of the Court for good cause shown.

7.	All fact discovery shall be completed no later than one hundred twenty (120) days after the filing of the Certificate of Completion.

8.	Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by the Parties on insolvency of the Debtors, no later than one hundred sixty-five (165) days after the filing of the

Certificate of Completion.  If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the filing of the Certificate of Completion, and any such expert report must be provided no later than one hundred eighty (180) days after the filing of the Certificate of Completion.  Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than two hundred ten (210) days after the filing of the Certificate of Completion.  Any party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted; provided, however, that in no event shall the thirty (30) day period start prior to one hundred twenty (120) days after the filing of the Certificate of Completion.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery shall be completed no later than two hundred seventy (270) days after the filing of the Certificate of Completion.

9.      All dispositive motions shall be filed and served no later than thirty (30) days after the close of fact discovery and shall be subject to Local Rule 7007-1.

10.      The parties shall file, no later than three (3) business days prior to the date set for trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Owens' Chambers.

11.      As soon as is feasible after the close of all discovery, the Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

12.      The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of the Adversary Proceeding subject to this Scheduling Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.  Plaintiff shall

immediately advise Chambers, in writing, of any occurrence or circumstance that Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

13.     Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

14.     The Plaintiff shall serve this Scheduling Order on each of the Defendants in the above-captioned Adversary Proceeding within five (5) business days after the entry of this Scheduling Order.

**Dated: August 15th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**